**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| In re: | **Jointly Administered under** |
| | **Case No. 08-45257** |
| Petters Company, Inc., et al. | Court File No. 08-45257 |
| Debtors. | |
| | Court Files Nos.: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.), | 08-45392 (GFK) |
| | |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

_____

Douglas A. Kelley, in his capacity as the
court-appointed Chapter 11 Trustee of
Debtor Petters Company, Inc. and Debtor Petters Group
Worldwide LLC,

                Plaintiffs,

vs.                                                                 Adv. No. _____

Alan M. Miller and A.M. Aero, Inc.

                Defendants.

_____

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ALAN M. MILLER**
**AND A.M. AERO, INC., INCLUDING JURY TRIAL DEMAND**
_____

Alan M. Miller and A.M. Aero, Inc., through their attorneys, Joseph S. Friedberg, Chartered, and Jansen & Palmer, LLC, for its Answer and Affirmative Defenses to the Complaint alleges and states as follows:

## PARTIES

1.Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 and therefore deny same.

2.Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore deny same.

3.Admit.

4.Admit.

## PROCEDURAL BACKGROUND

5.Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore deny same.

6.Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore deny same.

7.Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore deny same.

8.Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore deny same.

9.Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore deny same.

10.Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore deny same.

JURISDICTION, VENUE AND STANDING

11.	Paragraph 11 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegations.

12.	Paragraph 12 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegations.

13.	Admit.

14.	Paragraph 14 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegations.

NATURE OF PROCEEDING

15.	Paragraph 15 states legal conclusions and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegations contained in Paragraph 15 and hold the Trustee to his strictest proof thereof.

16.	Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore deny same. Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

FACTUAL BACKGROUND

**THE PETTERS PONZI SCHEME**

17.	Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

18. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

19. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

20. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

21. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

22. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

23. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

24. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

25. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

26. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

27. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

28. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

29. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

30. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

31. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

32. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

33. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

34. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

35. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

36. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

**FRAUDULENT TRANSFERS TO DEFENDANTS**

37. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37 and therefore deny same; Mr. Miller and A.M. Aero further put the Trustee to his strictest proof of said allegations.

38. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 38 and therefore deny same.  To the extent the allegations in Paragraph 38 state legal conclusions, Mr. Miller and A.M. Aero deny them and place the Trustee to his strictest proof thereof.

39. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 and therefore deny same. To the extent the allegations in Paragraph 39 state legal conclusions, Mr. Miller and A.M. Aero deny them and place the Trustee to his strictest proof thereof.

40. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore deny same.

41. Admit.

42. Mr. Miller and A.M. Aero lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 42 and therefore deny same. To the extent the allegations in Paragraph 42 state legal conclusions, Mr. Miller and A.M. Aero deny them and place the Trustee to his strictest proof thereof.

43. (including 43a-e) Deny.

44. Deny.

45. Deny.

46. No response required.

47. No response required.

## COUNT I—TURNOVER AND ACCOUNTING

### [11 U.S.C. § 542]

48. Mr. Miller and A.M. Aero restate their responses to Paragraphs 1-47 as if fully set forth herein.

49. Paragraph 49 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 49 and hold the Trustee to his strictest proof thereof.

7

50. Paragraph 50 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 50 and hold the Trustee to his strictest proof thereof.

51. Paragraph 51 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 51 and hold the Trustee to his strictest proof thereof.

## COUNT II—FRAUDULENT TRANSFERS

**[Actual Fraud – 11 U.S.C. §§ 544(b), 550(a), 551 and 1106 & Minn. Stat. §§ 513.44(a)(1) and 513.47 or Other Governing Fraudulent Transfer Laws]**

52. Mr. Miller and A.M. Aero restate their responses to Paragraphs 1-51 as if fully set forth herein.

53. Paragraph 53 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 53 and hold the Trustee to his strictest proof thereof.

54. Paragraph 54 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 54 and hold the Trustee to his strictest proof thereof.

55. Deny.

56. Paragraph 56 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 56 and hold the Trustee to his strictest proof thereof.

57. Paragraph 57 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 57 and hold the Trustee to his strictest proof thereof.

## COUNT III—FRAUDULENT TRANSFERS

**[Constructive Fraud – 11 U.S.C. §§ 544(b), 550(a), 551 and 1106 & Minn. Stat. §§ 513.44(a)(1) and 513.47 or Other Governing Fraudulent Transfer Laws]**

58. Mr. Miller and A.M. Aero restate their responses to Paragraphs 1-57 as if fully set forth herein.

59. Paragraph 59 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 59 and hold the Trustee to his strictest proof thereof.

60. Paragraph 60 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 60 and hold the Trustee to his strictest proof thereof.

61. Paragraph 61 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 61 and hold the Trustee to his strictest proof thereof.

62. Paragraph 62 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 62 and hold the Trustee to his strictest proof thereof.

63. Paragraph 63 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 63 and hold the Trustee to his strictest proof thereof.

## COUNT IV—FRAUDULENT TRANSFERS

### [Constructive Fraud – 11 U.S.C. §§ 544(b), 550(a), 551 and 1106 & Minn. Stat. §§ 513.44(a)(1) and 513.47 or Other Governing Fraudulent Transfer Laws]

64. Mr. Miller and A.M. Aero restate their responses to Paragraphs 1-63 as if fully set forth herein.

65. Paragraph 65 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 65 and hold the Trustee to his strictest proof thereof.

66. Paragraph 66 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 66 and hold the Trustee to his strictest proof thereof.

67. Paragraph 67 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 67 and hold the Trustee to his strictest proof thereof.

68. Paragraph 68 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 68 and hold the Trustee to his strictest proof thereof.

69. Paragraph 69 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 69 and hold the Trustee to his strictest proof thereof.

## COUNT V—FRAUDULENT TRANSFERS

**[Constructive Fraud – 11 U.S.C. §§ 544(b), 550(a), 551 and 1106 & Minn. Stat. §§ 513.44(a)(1) and 513.47 or Other Governing Fraudulent Transfer Laws]**

70. Mr. Miller and A.M. Aero restate their responses to Paragraphs 1-69 as if fully set forth herein.

71. Paragraph 71 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 71 and hold the Trustee to his strictest proof thereof.

72. Paragraph 72 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 72 and hold the Trustee to his strictest proof thereof.

73. Paragraph 73 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 73 and hold the Trustee to his strictest proof thereof.

74. Paragraph 74 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 74 and hold the Trustee to his strictest proof thereof.

75. Paragraph 75 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 75 and hold the Trustee to his strictest proof thereof.

## COUNT VI—UNJUST ENRICHMENT/EQUITABLE DISGORGEMENT

76. Mr. Miller and A.M. Aero restate their responses to Paragraphs 1-75 as if fully set forth herein.

77.     Paragraph 77 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 77 and hold the Trustee to his strictest proof thereof.

78.     Paragraph 78 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 78 and hold the Trustee to his strictest proof thereof.

79.     Deny.

80.     Paragraph 80 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 80 and hold the Trustee to his strictest proof thereof.

81.     Paragraph 81 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 81 and hold the Trustee to his strictest proof thereof.

**COUNT VII—DISALLOWANCE**

**[11 U.S.C. § 502(b) and (d)]**

82.     Mr. Miller and A.M. Aero restate their responses to Paragraphs 1-82 as if fully set forth herein.

83.     Paragraph 83 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 83 and hold the Trustee to his strictest proof thereof.

84.     Paragraph 84 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 84 and hold the Trustee to his strictest proof thereof.

85. Paragraph 85 states a legal conclusion and therefore requires no answer; to the extent an answer is required, Mr. Miller and A.M. Aero deny the allegation contained in Paragraph 85 and hold the Trustee to his strictest proof thereof.

## AFFIRMATIVE DEFENSES

Mr. Miller and A.M. Aero offer the following affirmative defenses. Any affirmative defense that is mutually incompatible with any other is offered in the alternative.

1. Mr. Miller and A.M. Aero specifically assert that they were unaware of the alleged Ponzi scheme or of any alleged illegal activity by Debtors at all times relevant to Mr. Miller's and A.M. Aero's association with Debtors.

2. Mr. Miller and A.M. Aero specifically assert that they had no reason to believe Debtors were insolvent at all times relevant to the transactions between Defendant and Debtors.

3. Mr. Miller and A.M. Aero specifically deny that they knew or should have known of any illegal scheme performed by Debtors.

4. The complaint fails to state a claim upon which relief can be granted as against Mr. Miller and A.M. Aero.

5. To the extent Mr. Miller and A.M. Aero are transferees of any transfers the Trustee seeks to avoid, Mr. Miller and A.M. Aero are immediate or mediate transferees of the initial transferee of such transfers, the latter of which took for value and in good faith without knowledge of the voidability of the transfer. 11 U.S.C. § 550(b)(2).

6. The Trustee cannot avoid the transfers to Mr. Miller and A.M. Aero because Mr. Miller and A.M. Aero took the transfers in good faith and for value, in satisfaction of an antecedent debt, and without knowledge of the voidability of the transfers. 11 U.S.C. § 550(b)(1); Minn. Stat. § 513.48(a).

7. The Trustee cannot avoid any transfers to Mr. Miller and A.M. Aero except under 11 U.S.C. § 548(a)(1)(A), because all transfers to Mr. Miller and A.M. Aero were settlement or margin payments made by or to or for the benefit of a financial institution, financial participant or like entity whose transactions are protected from avoidance by 11 U.S.C. § 546(e).

8. The Trustee cannot avoid any transfers to Mr. Miller and A.M. Aero except under 11 U.S.C. § 548(a)(1)(A), because all transfers to Mr. Miller and A.M. Aero were made by a financial institution via wire transfer in connection with a securities contract. 11 U.S.C. § 546(e).

9. The Trustee cannot avoid any transfers to Mr. Miller and A.M. Aero because Mr. Miller and A.M. Aero took all transfers in good faith and gave reasonably equivalent value in exchange. 11. U.S.C. § 548(c); Minn. Stat. § 513.48(a).

10. The Trustee cannot avoid any transfer to Mr. Miller or A.M. Aero as fraudulent because at all times relevant to the transfers:

   a) the transfers were not made with actual intent to hinder, delay or defraud any creditor; Minn. Stat. § 513.44(a)(1).

   b) reasonably equivalent value or obligation supported the transfers; § 513.44(a)(2).

   c) the transfer or obligation was not made to an insider; § 513.44(b)(1).

   d) the debtor did not retain possession or control of the property transferred after the transfer; § 513.44(b)(2).

   e) the transfer or obligation was not concealed; § 513.44(b)(3).

   f) the debtor had not been sued or threatened with suit prior to the transfer; § 513.44(b)(4).

  g)  the transfer was not of substantially all of the debtor's assets; § 513.44(b)(5).

  h)  the debtor did not abscond; § 513.44(b)(6).

  i)  the debtor did not remove or conceal assets; § 513.44(b)(7).

  j)  the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the obligation incurred; § 513.44(b)(8).

  k)  the debtor was not insolvent shortly before or shortly after the debt was incurred; § 513.44(b)(9).

  l)  the transfer did not occur shortly before or shortly after a substantial debt was incurred; § 513.44(b)(10).

  m)  the debtor did not transfer the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. § 513.44(b)(11).

11. The Trustee cannot avoid transfers to Mr. Miller and A. M. Aero under 11 U.S.C. § 547, because transfers to Mr. Miller and A.M. Aero were made more than 90 days before the date of the filing of the petition in this bankruptcy action and were not made to an insider. 11 U.S.C. § 547(b)(4).

12. The Trustee cannot avoid any transfers to Mr. Miller and A.M. Aero under 11 U.S.C. § 547, because all transfers to Mr. Miller and A.M. Aero were made in the interest of a debtor that was not insolvent at the time such transfers were made. 11 U.S.C. § 547(b)(3).

13. The Trustee cannot avoid the transfers to Mr. Miller and A.M. Aero because the transfer was a contemporaneous exchange for new value, or in payment of a debt in the ordinary course of business or financial affairs of the debtor and tranferee. 11 U.S.C. § 547(c).

14. Notwithstanding the voidability of any transfer, Mr. Miller and A.M. Aero assert their entitlement, to the extent of the value given the debtor, to a lien on or retention of any interest in the transferred asset, enforcement of any obligation incurred, or a reduction in the amount of liability on the judgment. § 513.48(d).

15. Presumptions generally applying to Ponzi schemes do not apply to the debtor entity Mr. Miller and A.M. Aero conducted business with, including PGW, because the debtor entity was the holding company of legitimate businesses and there was no indication that it was a Ponzi scheme.

16. The Trustee's claims are barred by the applicable statute of limitations.

17. The Trustee's claims are barred as untimely under Section 546(a) of the Bankruptcy Code. 11 U.S.C. § 546(a).

18. The claims are barred by the unclean hands of the Debtor and/or the Trustee.

19. The claims under Section 544(b) of the Bankruptcy Code are barred by the unclean hands of any creditor who held or hold matured or unmatured unsecured claims against the debtors that were and are allowable under Section 502 of the Bankruptcy Code or that were and are not allowable only under Section 502(e).

20. The transfers are not avoidable as against Mr. Miller or A.M. Aero or recoverable from any of the Defendants or Mr. Miller or A.M. Aero under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under Minnesota law.

21. The claims are barred by equitable estopple.

22. The claims are barred by judicial estoppel.

23. The claims are barred by the doctrine of *in pari delicto.*

24. The claims are barred by waiver.

25. The claims are barred by laches.

26. Avoidance of the transfers as against Mr. Miller and A.M. Aero and recovery of the transfers from them would be inequitable as compared to the Trustee's treatment of transfers received by similarly situated investors and creditors.

27. The Trustee may not recover attorneys' fees under Sections 544 and 550 of the Bankruptcy Code because such attorneys fees are not a "transfer" as provided in Section 544 or 550 of the Bankruptcy Code.

28. The relief sought is barred, in whole or in part, by the doctrines of acquiescence and consent.

29. The relief sought is barred, either in whole or in part, by the doctrine of inconsistent positions.

30. The relief sought is barred, either in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

31. The Debtors in this action are not legitimate limited liability corporate entities, but are instead legal fictions or alter egos for Thomas J. Petters. Mr. Miller and A.M. Aero's transactions were with Mr. Petters. The Trustee's actions in relation to said debtors therefore do not apply to the transactions involving Mr. Miller and A.M. Aero. Accordingly, the Trustee lacks standing to pursue this action against Mr. Miller and A.M. Aero.

Mr. Miller and A.M. Aero reserve the right to add, alter and/or amend their defenses as necessary and as may be revealed during the course of discovery.

WHEREFORE, Mr. Miller and A.M. Aero pray for judgment dismissing the Trustee's complaint, awarding Mr. Miller and A.M. Aero its costs and disbursements in this action, and for such other relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Federal Rule of Bankruptcy Procedure 9015, Mr. Miller and A.M. Aero hereby demand a jury trial for this action.

Dated this 18th day of February, 2011.

JOSEPH S. FRIEDBERG, CHARTERED

/e/Joseph S. Friedberg
Joseph S. Friedberg #32086
701 Fourth Avenue South, Suite 300
Minneapolis, MN 55412
Ph:  612-235-4820
joefriedberg@hotmail.com

and

JANSEN & PALMER, LLC

/e/Jenneane L Jansen
Jenneane L. Jansen #236792
4746 Elliot Avenue South
Minneapolis, MN  55407
Ph:  612-823-9088
jenneane@jansenpalmer.com