# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Petters Company, Inc., et al.,

Debtors.

(includes:
Petters Group Worldwide, LLC;
PC Funding, LLC;
Thousand Lakes, LLC;
SPF Funding, LLC;
PL Ltd., Inc.;
Edge One LLC;
MGC Finance, Inc.;
PAC Funding, LLC;
Palm Beach Finance Holdings, Inc.)

**Jointly Administered under Case No. 08-45257**

Court File No. 08-45257

Court Files Nos.:
08-45258 (GFK)
08-45326 (GFK)
08-45327 (GFK)
08-45328 (GFK)
08-45329 (GFK)
08-45330 (GFK)
08-45331 (GFK)
08-45371 (GFK)
08-45392 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

Douglas A. Kelley, in his capacity as the
court-appointed Chapter 11 Trustee of
Debtor Petters Company, Inc., et al.

Plaintiff,

v.

Adv. Case Nos.:

| | |
|---|---|
| Vlahos, et al.; | 10-04201 |
| Redstone Limited Partnership; | 10-04202 |
| Redstone American Grill, Inc.; | 10-04203 |
| Edgebrook, Inc.; | 10-04204 |
| Aron; | 10-04205 |
| Kanios, et al.; | 10-04206 |
| Hagan; | 10-04207 |
| Lynn Isaac, et al.; | 10-04209 |
| George Isaac, et al.; | 10-04210 |
| Papadimos; | 10-04211 |
| Svigos; | 10-04212 |
| Kenney; | 10-04225 |
| High Plains Investment LLC; | 10-04250 |
| Hauser; | 10-04254 |

| | |
|---|---|
| Hayden Fleming, et al.; | 10-04255 |
| Miller, et al.; | 10-04256 |
| Patrick Fleming, et al.; | 10-04257 |
| McCarthy, et al.; | 10-04262 |
| Allanson; | 10-04263 |
| Brennan; | 10-04264 |
| Kenneth Colvin, et al.; | 10-04266 |
| Electric Motor Supply Co.; | 10-04267 |
| Steve Feneis; | 10-04268 |
| Kabe; | 10-04273 |
| Caruso; | 10-04274 |
| Dan G. Feneis, et al.; | 10-04275 |
| Kuperus; | 10-04277 |
| Kyriakides; | 10-04278 |
| Jane Slobodyanuk; | 10-04280 |
| Slava Slobodyanuk; | 10-04281 |
| Miller Companies, Inc.; | 10-04282 |
| Kerbel, et al.; | 10-04284 |
| Challenge Printing; | 10-04290 |
| Overstock.com; | 10-04292 |
| Alper; | 10-04293 |
| Mansour, et al.; | 10-04296 |
| Opportunity Finance, LLC, et al.; | 10-04301 |
| Larry Colvin, et al.; | 10-04310 |
| Kimberlee Colvin, et al.; | 10-04311 |
| Metro I, LLC, et al.; | 10-04328 |
| Carter; | 10-04337 |
| Engels; | 10-04338 |
| Danko; | 10-04339 |
| McGaunn; | 10-04340 |
| Salmen; | 10-04341 |
| Phelps; | 10-04342 |
| Miller; | 10-04343 |
| Anderson; | 10-04344 |
| Ting; | 10-04345 |
| Riedl; | 10-04346 |
| Mau; | 10-04347 |
| Margolis; | 10-04348 |
| Metro Gem, Inc., et al.; | 10-04352 |
| Thomas Shimoji and Company, Ltd.; | 10-04354 |
| Circle F Ventures, LLC; | 10-04355 |
| Joe; | 10-04358 |
| Tesar; | 10-04359 |
| Dorsey; | 10-04360 |
| O'Brien; | 10-04361 |
| Honig; | 10-04362 |

| | |
|---|---|
| Sarenpa; | 10-04363 |
| Pernula; | 10-04366 |
| Schmit; | 10-04367 |
| Opportunity Finance, LLC; | 10-04375 |
| Toshi Investments, Ltd.; | 10-04378 |
| Idlewild Properties, LLC; | 10-04380 |
| Knoblach, et al.; | 10-04382 |
| Wright; | 10-04385 |
| Schopper; | 10-04391 |
| Monighan; | 10-04395 |
| Westford Special Situations Master Fund, L.P., et al.; | 10-04396 |
| Zhang; | 10-04402 |
| Lagermeier; | 10-04403 |
| Clayton; | 10-04405 |
| Hardy; | 10-04408 |
| Ratliff; | 10-04409 |
| Dunlap; | 10-04410 |
| Morgan; | 10-04415 |
| General Electric Capital Corporation; | 10-04418 |
| Romenesko; | 10-04419 |
| Associated Bank; | 10-04422 |
| Kenneth Johnson; | 10-04423 |
| Hodge; | 10-04425 |
| Lancer Financial Services, LLC, et al.; | 10-04427 |
| Cohen Partnership, et al.; and | 10-04431 |
| Ritchie Capital Management, L.L.C., et al., | 10-04440 |

Defendants.

## OMNIBUS SURREPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Pursuant to the request of the Court on October 26, 2011, Douglas A. Kelley, Trustee (the

"Trustee") of the above-captioned debtors ("Debtors"), hereby submits this Omnibus Surreply

Memorandum in opposition to the motions to dismiss filed in the above-captioned matters.[1]

---

[1] The Trustee is represented by the following law firms in connection with the pending adversary proceedings: Lindquist & Vennum P.L.L.P.; Kelley, Wolter & Scott, P.A.; and Fruth, Jamison & Elsass, P.L.L.C.  Lindquist & Vennum, P.L.L.P. and Kelley, Wolter & Scott, P.A., each file this Omnibus Surreply Memorandum and seek relief only with respect to the pending adversary proceedings for which the particular firm is the counsel of record.

## INTRODUCTION

The Trustee addresses four issues in this Omnibus Surreply Memorandum relating to the applicable statute of limitations and tolling.  First, the Trustee will clarify the legislative history of the Minnesota Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act. Second, the Trustee will address the Minnesota case law that confirms that constructive fraudulent conveyance claims were recognized at common law.  Third, the Trustee will address the Minnesota case law that confirms the state's consumer protection laws were not intended to codify common law.  Lastly, the Trustee will rebut Defendants' argument that the federal concept of equitable tolling is not recognized by Minnesota courts.  Addressing these points will confirm that the Minnesota fraudulent transfer statutes codified the common law and that—under the Minnesota Supreme Court's test in *McDaniel v. United Hardware Distrib. Co.*, 469 N.W.2d 84, 85-86 (Minn. 1991)[2]—the six-year limitations period of Minnesota Statutes § 541.05, subd. 1(6), and its corollary discovery rule, apply to all of the Trustee's fraudulent transfer claims.

---

[2] The unpublished opinion of the Dakota County District Court in *Finn v. Alliance Bank*, No. 19HA-CV-11-2856 (Aug. 16, 2011), provided to the Court by defendants at the October 26, 2011 hearing, further confirms that the *McDaniel* test is the test this Court is required to apply to determine that Minnesota Statutes § 541.05, subd. 1(6) is the applicable statute of limitations. 2011 WL 5006458 (Pursuant to *McDaniel*, "statutes that codify Minnesota common law are not governed by the six-year limitations provision of § 541.05, subd. 1(2).")  However, for the reasons stated herein, the *Finn* Court (1) erred in applying the *McDaniel* test because by looking to Arizona law the court failed to account for the common law constructive fraud claims recognized by Minnesota courts prior to the enactment of MUFCA, (2) incorrectly distinguished *Orr v. Kinderhill Corp.*, 991 F.2d 31 (2d Cir. 1993), based on Arizona law, (3) failed to analyze or distinguish the differences between the origins of consumer protection statutes and common law constructive fraud, (4) erroneously looked to Arizona law for the basis of its holding, (5) misinterpreted the holding of *Underleak v. Scott*, 134 N.W. 731, 733 (Minn. 1912), which confirms that Minnesota courts recognized constructive fraud claims at common law prior to 1921, and (6) ignores case law applying the discovery rule to claims for actual fraud.

**ARGUMENT**

I.      **Clarification of the Legislative History of the Minnesota Uniform Fraudulent Conveyance Act, which Confirms Fraudulent Conveyance Claims Originated at Common Law.**

        **A.      Minnesota First Codified Common Law Fraudulent Conveyance Claims Shortly after Statehood.**

Defendants have argued that the beginning point in time for the Court's analysis of the history of Minnesota's recognition of fraudulent transfer claims is when the Minnesota legislature adopted the Uniform Fraudulent Conveyance Act ("MUFCA"). Fraudulent transfer liability, however, has been a necessary companion to the relationship of debtors and creditors since the inception of early commerce. Recipients of fraudulent transfers have been required to answer to a transferor's creditors since the time of ancient Rome,[3] common law England, and common law in the early United States. Yet, defendants would have this Court ignore history and believe that in 1921 the Minnesota Legislature first "created" this type of liability.

Attached hereto, in an Addendum, is a table (with attached statutes) that summarizes the statutory changes in Minnesota's fraudulent conveyance statutes from 1851, shortly after Minnesota became a territory, through the adoption of the Minnesota Uniform Fraudulent Transfer Act ("MUFTA") in 1987.[4] Minnesota codified the preexisting common law of fraudulent conveyance applicable to real estate and personalty when it became a state in 1858. In 1863, the phrase "goods, chattels and things in action" was deleted from the non-trust statute, causing the source of a cause of action for fraudulent conveyance of non-trust goods, chattels and

---

[3] *See* Hon. T. Albert, *The Insolvency Laws of Ancient Rome*, 28 Cal. Bankr. J. 365 (2006).

[4] A courtesy copy of the pertinent statutes identified within the Addendum is also enclosed herewith for the Court's convenience.

DOCS-#3580241-v5

things in action to revert back to non-codified common law for nearly the next sixty years until

MUFCA was enacted.

> **B.**    **Prior to 1921, Minnesota Courts Applied the Statute of Limitations Applicable to Claims "Grounded in Fraud" to Fraudulent Conveyance Claims.**

A comparison of the applicable statute of limitations adopted in 1851 to the current

version at Minnesota Statutes § 541.05 confirms the Minnesota legislature has always drawn a

distinction between claims based "upon a liability created by statute" and those claims "for relief

on the ground of fraud." *Compare* Minn. Terr. Stat. 1851, § 6 *with* Minn. Stat. § 541.05 (2009).

In other words, there is nothing novel about the distinction made in § 541.05 between liability

that is created by a statute, and claims that are grounded in fraud.  This chart comparing the

relevant provisions of each statute confirms the relevant provisions governing Minnesota statute

of limitations today are substantially identical to those in place over 150 years ago and have

remained so during the 150 years throughout:

| Minn. Terr. Stats. 1851 <br><br> § 6:  Actions to be commenced within six years | Minn. Stat. § 541.05 <br><br> Subd. 1:  Actions to be commenced within six years |
|---|---|
| 2.    An action upon a liability created by statutes, other than those upon a penalty or forfeiture:"  *See* Gen. St. 1878, ch. 66, §6, subd. 2. | 1(2): upon a liability created by statute, other than those arising upon a penalty or forfeiture or where a shorter provisions is provided by section 541.07.  Subd. 1(2) |
| 6.    An action for relief, on the ground of fraud; the cause of action in such case not to be deemed to have accrued, until the discovery by the aggrieved party of the facts constituting the fraud.  *See* Gen. St. 1878, ch. 66, § 6, subd. 6. | 1(6): for relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. Subd. 1(6) |

In 1922, after almost sixty years of fraudulent conveyance claims with respect to "goods, chattels and things in action" being grounded in un-codified common law, MUFCA became effective.  Had the cause of action truly been "created by statute" in 1851 or 1858, two conclusions would follow.  First, the cause of action would not have continued to exist at common law with respect to personalty during the time period from 1863 through 1921, when MUFCA was adopted (effective January 1, 1922) again codifying the common law fraudulent conveyance cause of action.  Second, and significantly, during that time period the Minnesota Supreme Court could have applied subdivision 2 of the statute of limitations governing liabilities created by statute.  *See* Minn. Gen. St. (1878) ch. 66, § 6, subd. 2.  It did not.  The Minnesota Supreme Court repeatedly applied the discovery rule (subdivision 6) to fraudulent conveyance claims during the time period prior to 1922.  It applied subdivision 6 to all causes of action for fraudulent conveyance, regardless of whether the cause of action was based upon codified common law (for realty) or un-codified common law (for personalty).

The Minnesota Supreme Court has long applied the predecessor of Minnesota Statutes § 541.05, subd. 1(6) to fraudulent conveyance claims.  *See, e.g., Johnston v. Johnston,* 119 N.W. 652, 654 (Minn. 1909); *Schmitt v. Hager*, 93 N.W. 110, 111 (Minn. 1903) (applying Gen. Stat. 1894, § 5136, subsec. 6 (the fraud discovery statute) to a fraudulent conveyance of real property prohibited by common law and Minnesota statute); *Brasie v. Minneapolis Brewing Co*., 92 N.W. 340, 342 (Minn. 1902) (same); *Duxbury v. Boice*, 72 N.W. 838, 839 (Minn. 1897) (same); *Minneapolis Threshing Mach. Co. v. Jones*, 94 N.W. 551 (Minn. 1903) (same); *Stephon v. Topic*, 180 N.W. 221 (Minn. 1920) (citing *Duxbury* and applying fraud discovery statute to Gen. Stat. 1913 § 7010 prohibiting the fraudulent conveyance of goods, chattels, or things in action, made in trust).  Defendants have argued the Minnesota Supreme Court cases so holding predate

5

MUFCA, but that argument only proves the Trustee's point because a codified cause of action in

Minnesota law for fraudulent conveyance existed prior to the enactment of MUFCA.  That is

without dispute.  Even more affirming of the Trustee's point is that the legislature—presumed to

know existing case law (*Pecinovsky v. AMCO Ins. Co.*, 613 N.W.2d 804, 809 (Minn. Ct. App.

2000))—chose not to change the applicable common law fraud limitations period when it

adopted MUFCA.  When the legislature adopted MUFTA in 1987, it <u>again</u> chose not to include a

limitations period in the statute, and while it adopted every section of the Uniform Fraudulent

Transfer Act ("UFTA"), it did not adopt Section 9 – the limitations section.  As a result,

subdivision 1(6) continues to be the limitations period applicable to claims under MUFTA.[5]  *See*

*Palatine Nat'l Bank v. Strom (In re Strom)*, 97 B.R. 532, 539-40 (Bankr. D. Minn. 1989), and

other cases cited at pages 25-26 of the Trustee's Omnibus Memorandum in Opposition to

Defendants' Motions to Dismiss.

---

[5] Section 9 contains the extinguishment provisions of the UFTA and was designed in part to bar actions asserted by the government under the rule set forth in *United States v. Summerlin*, 310 U.S. 414 (1940), that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights, whether it brings its suit in its own courts or in a state court. *See United States v. Bacon*, 82 F.3d 822 n.2 (9th Cir. 1996); *see also* UFTA cmt. 1 to Section 9.  The motions to dismiss based on state statute of limitation analysis have focused on Minnesota law.  However, the statute of limitations issue is also closely related to the "golden creditor" issue because the facts surrounding any limitations defense may be personal to that "golden creditor."  Because Minnesota did not adopt section 9 of the UFTA, should a federal agency of the United States qualify as a "golden creditor" much of this argument will cease to have any continued effect. *United States v. Summerlin*, 310 U.S. 414 (1940); *United States v. DeQueen & E. R. Co.*, 271 F.2d 597 (8th Cir. 1959); *United States v. Wurdemann*, 663 F.2d 50 (8th Cir. 1981) (both applying *Summerlin*); *see also United States v. Bacon*, 82 F.3d 822 (9th Cir. 1996); *United States v. Gleneagles Inv. Co., Inc.*, 565 F.Supp. 556, 583 (M.D. Pa. 1983) (holding that state law statute of limitations applicable to fraudulent transfer claims do not apply to the United States); *Finkel v. Polichuk (In re Polichuk)*, No. 08-10783ELF 2010 WL 4878789 (Bankr. E.D. Pa. Nov. 23, 2010) (IRS as "golden creditor" under section 544(b) and applying *Summerlin* to supercede statute of limitations under state law.)

**II.**     **Minnesota Case Law Confirms that Constructive Fraud Existed at Common Law.**

The Minnesota Supreme Court has held that MUFCA was "a codification and an extension of [Minnesota's] former law."[6]  *Lind v. O.N. Johnson Co.*, 282 N.W. 661, 667 (Minn. 1938).  The Minnesota Supreme Court's holding is consistent with the compilation of cases annotated by Donald E. Bridgman, Chairman of Committee on Uniform State Laws of Minnesota Bar Association, in 1921.  (*See* 7 Minnesota Law Review 530 at 530 and n. 56) (collecting cases).  Mr. Bridgman states when discussing Section 4 of the Uniform Fraudulent Conveyance Act (the section regarding insolvency-based constructive fraud) that "Section four states substantially the pre-existing law in Minnesota, as in the majority of States." *Id*. at 530. Mr. Bridgman specifically noted that Minnesota cases "have held that where a person is insolvent and makes a voluntary conveyance, the necessary effect of his act is to defraud creditors, and the debtor will be presumed to have intended this necessary effect."  *Id*. (citing *Henry v. Hinman*, 25 Minn. 199 (1878); *Walsh v. Byrnes*, 40 N.W. 831 (Minn. 1888); *McCord v. Knowlton*, 82 N.W. 589 (Minn. 1900); *Underleak v. Scott*, 134 N.W. 731 (Minn. 1912); *Thysell v. McDonald*, 159 N.W. 958 (Minn. 1916)).

Indeed, the case cited by Defendants' counsel at oral argument in support of his request that this Court disregard case law predating 1918, *National Surety Co. v. Wittich*, 237 N.W. 690 (Minn. 1931), only confirms the recognition of constructive fraud claims at common law prior to MUFCA's enactment.  In *Wittich*, the Minnesota Supreme Court was required to resolve the question of whether a transfer could "be adjudged void as against an existing creditor" if it was

---

[6] The Romans even recognized constructive fraud concepts.  *See* footnote 3, *supra*, at 395-396.

7

supported by a finding that it was made "in good faith without intent to defraud." *Id.* at 691.

The Court in *Wittich* reasoned a party may convey property in good faith "without consideration

if the transaction did not leave him unable to satisfy his creditors." *Id.* at 692 (citing *Filley v.*

*Register*, 4 Minn. 391 (Minn. 1860) and *Underleak v. Scott*, 134 N.W. 731 (Minn. 1912)).  The

Minnesota Supreme Court then stated: "That would be true either before or after the adoption of

the Uniform Fraudulent Conveyance Act.  That act provides that a voluntary conveyance which

leaves a debtor insolvent is fraudulent without regard to actual intent.  Prior to the act the rule

prevailed as laid down in *Underleak v. Scott. . . ." Id.* at 692.  In *Underleak* the Minnesota

Supreme Court held that "[Intent to hinder, delay, or defraud] may be *implied conclusively* from

the circumstances surrounding the transfer, as where a debtor is insolvent, or fails to retain

sufficient property to amply satisfy existing claims against him. . . . The rule undoubtedly is that

the debtor must retain enough property to amply satisfy his creditors." 134 N.W. at 733

(emphasis added).

The Court in *Wittich* also cited *Wetherill v. Canney*, 64 N.W. 818 (Minn. 1895), for

authority that constructive fraud existed in Minnesota before the adoption of MUFCA:

> It is that the deed, when read with the agreement, is void as to the
> plaintiff, *as a matter of law*, under the provisions of Gen. St. 1894,
> § 4218, and that no finding of fact to the effect that the deed was
> made to delay or defraud creditors was necessary. This section of
> the statute is limited by its terms to goods and chattels, *but the
> principle upon which it rests is a part of the common law*, and
> applies to realty as well as personalty.

*Id*. at 819 (emphasis added).[7]   *See also Anderson v. Lindberg*, 67 N.W. 538, 538 (Minn. 1896)

("Under the terms of Gen. St. 1894, § 4218, which is simply a statement of the common law rule

---

[7] Gen. St. 1894, § 4218, codified at Ch. 50, section 1 of Minnesota Statutes of 1858, is applicable
to transfers of goods and chattels *in trust*, which is not to be confused with more general transfers

8

. . ."). Thus, the Minnesota Supreme Court has (1) held in *Lind* that MUFCA was a codification

of common law and (2) separately and specifically acknowledged that constructive fraud existed

at common law in *Wittich, Underleak,* and *Wetherill*.  A thorough reading of *Wittich* therefore

confirms that MUFCA codified long-recognized common law constructive fraud claims, and

expressly rejects the theory advocated by defendants at oral argument..

### III.    Minnesota Case Law Confirms that Consumer Protection Statutes are Causes of Action Distinct From Constructive Fraud and Were Not Intended to Codify Common Law.

The Minnesota courts could not have spoken more dispositively that consumer protection

statutes are not a codification of common law fraud: "*Consumer protection laws were not*

*intended to codify the common law*; rather they were intended to broaden the cause of action to

counteract the disproportionate bargaining power present in consumer transactions."  *State by*

*Humphrey v. Alpine Air Prods., Inc.*, 490 N.W.2d 888, 892 (Minn. Ct. App. 1992) (emphasis

added) *aff'd*, 500 N.W.2d 788, 790 (Minn. 1993).  This holding, contrasted with the holding of

*Lind* that MUFCA *is* a codification of Minnesota's former law, leaves no doubt as to the distinct

origins of consumer protection statutes (liabilities created by statute) and fraudulent conveyance

claims (grounded in fraud).  *See Lind*, 282 N.W. at 667.  The unequivocal holdings of the

Minnesota Supreme Court concerning the disparate origins of MUFCA and consumer protection

statutes renders all case law cited to by defendants inapposite because each case cited arises in

the context of consumer protection laws.

As the Minnesota Supreme Court has explained:

> In the late 1950s many state legislatures enacted statutes designed
> to prohibit deceptive practices and to address the unequal

---

of goods and chattels which, as described above, reverted back to a un-codified common law
cause of action in 1863.

9

> bargaining power often present in consumer transactions. . . . By 1981, every state in the United States had statutes providing for consumer protection enforcement by a state agency—commonly, as in Minnesota, the state attorney general—broad enforcement authority. . . . Minnesota's Consumer Fraud Act was adopted in 1963 to achieve the same purpose and provides the attorney general with authority to seek and obtain injunctive relief to protect consumers from unlawful and fraudulent trade practices in the marketplace.

*Ly v. Nystrom*, 615 N.W.2d 302, 308 (Minn. 2000) (citing *State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 496 (Minn. 1996)).  "In passing consumer fraud statutes, the legislature clearly intended to make it easier to sue for consumer fraud than it had been to sue for fraud at common law. The legislature's intent is evidenced by the elimination of common law fraud, such as proof of damages or reliance on misrepresentations."  *Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 12 (Minn. 2001).

The case law cited and relied upon by defendants arises out of the context of consumer protection claims.  The Trustee agrees that consumer protection claims are subject to subdivision 1(2), an undisputed proposition that has no bearing upon the issue of whether constructive fraud claims existed at common law prior to 1921.  While consumer protection statutes resulted in liability "created by statute" due to the elimination of elements of common law fraud, codification of constructive fraudulent conveyance causes of action did not.  The cause of action has always existed at common law as long as Minnesota has been a state.

## IV.   Equitable Tolling Is Recognized by Minnesota Courts and Can Be Based on Third Party Conduct.

For all the above reasons, application of the *McDaniel* test results in subdivision 1(6) being the operative statute of limitations.  If this Court determines that subdivision 1(2) applies, the doctrine of fraudulent concealment or the doctrine of equitable tolling apply.  There is no need to supplement the Trustee's prior briefing on the doctrine of fraudulent concealment,

10

clearly recognized in Minnesota law.  However, it is appropriate to address equitable tolling

issues raised in the reply briefs and at the hearing.

Defendants' argument that Minnesota courts do not recognize the doctrine of equitable

tolling is simply wrong. While there is a federal equitable tolling doctrine, Minnesota state courts

have adopted their own equitable tolling doctrine, and have relied upon federal authority for

guidance.  In *Regents of University of Minnesota v. Raygor*, 620 N.W.2d 680, 687 (Minn. 2001),

the Minnesota Supreme Court considered the application of equitable tolling, noting "[i]t is

within the discretion of the district court to grant or deny equitable relief."  *See also Egge v.*

*Depositors Ins. Co.*, No. A07-150, 2007 WL 2703137, at *3 (Minn. Ct. App. Sept. 18 2007) ("A

court may grant equitable relief by tolling a limitations period."); *Anderson v. H-Window Co.*,

No. C9-98-1103, 1999 WL 88953, at *3 (Minn. Ct. App. Feb. 23, 1999) ("A limitations statute

may bar an action, but it does not deprive the court of jurisdiction to determine if the facts of a

particular case justify equitable tolling of the statute"); *Ochs v. Streater, Inc.*, 568 N.W.2d 858,

860 (Minn. Ct. App. 1997) (recognizing limitations period was subject to equitable tolling); *State*

*by Khalifa v. Russell Dieter Enterprises, Inc.*, 418 N.W.2d 202, 206 (Minn. Ct. App. 1988) ("the

time limit for filing a verified charge is . . . subject to equitable tolling."); *Jones v. Consolidated*

*Freightways Corp.*, 364 N.W.2d 426, 429 (Minn. Ct. App. 1985) (holding that limitations period

was subject to equitable doctrine of tolling).

Indeed, the Court in *Finn* acknowledged the applicability of the doctrine to fraudulent

transfer claims specifically, and in doing so expressly acknowledged that both the Eighth Circuit

and Seventh Circuit have made clear that application of the doctrine "does not require any

misconduct on the part of the defendant."  *Finn*, 2011 WL 5006458, at *6 (quoting *Dring v.*

*McDonnell Douglas Corp.*, 58 F.3d 1323, 1328-29 (8th Cir. 1995) and *Cada v. Baxter*

11

*Healthcare Corp.*, 920 F.2d 446, 452 (1990) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)).

Accordingly, based upon the express recognition of the equitable tolling doctrine by Minnesota courts, and the cases cited at pages 36-37 of the Omnibus Memorandum, the Trustee respectfully submits that he has adequately pleaded fraudulent concealment to toll the running of the statute of limitations set forth at subdivision 1(2), if determined to be applicable.

## CONCLUSION

For all the reasons previously briefed and argued to the Court in the Trustee's Omnibus Memorandum of Law, as supplemented by the above authority, the Trustee respectfully requests that the Court deny Defendants' motions to dismiss and allow these cases to proceed with discovery and on the merits. If the Court determines that dismissal of any of the Trustee's claims is warranted based upon a statute of limitations defense, the Trustee requests that such dismissal is without prejudice and that he be granted 60 days to amend his complaints in order to comply with this Court's decision.

DOCS-#3580241-v5

DATED: November 4, 2011                         **LINDQUIST & VENNUM P.L.L.P.**


                                                By: /e/ James A. Lodoen
                                                Daryle L. Uphoff (#0111831)
                                                James A. Lodoen (#111831)
                                                George H. Singer (#0262043)
                                                Michael D. Olafson (#0156693)
                                                Terrence J. Fleming (#012883)
                                                Mark D. Larsen (#0318498)
                                                Sandra Smalley-Fleming (#0296983)
                                                Kirstin D. Kanski (#0346676)
                                                Adam C. Ballinger (#0389058)

                                                4200 IDS Center
                                                80 South Eighth Street
                                                Minneapolis, Minnesota 55402
                                                Telephone: (612) 371-3211
                                                Facsimile:  (612) 371-3207
                                                E-Mail Addresses:
                                                duphoff@lindquist.com
                                                jlodoen@lindquist.com
                                                gsinger@lindquist.com
                                                molafson@lindquist.com
                                                tfleming@lindquist.com
                                                mlarsen@lindquist.com
                                                ssmalley-fleming@lindquist.com
                                                kkanski@lindquist.com
                                                aballinger@lindquist.com

                                                **ATTORNEYS FOR
                                                DOUGLAS A. KELLEY,
                                                CHAPTER 11 TRUSTEE OF
                                                PETTERS COMPANY, INC., ET AL.**

DOCS-#3580241-v5

DATED: November 4, 2011

**KELLEY, WOLTER & SCOTT, P.A.**

By: /e/ Kevin M. Magnuson
Steven E. Wolter (#170707)
Kevin M. Magnuson (#0306599)

431 South Seventh Street
Suite 2530
Minneapolis, MN  55414
Telephone: (612) 371-9090
Facsimile:  (612) 371-0574
E-Mail Addresses:
swolter@kelleywolter.com
kmagnuson@kelleywolter.com

**ATTORNEYS FOR**
**DOUGLAS A. KELLEY,**
**CHAPTER 11 TRUSTEE OF**
**PETTERS COMPANY, INC., ET AL.**

14

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | **Jointly Administered under** |
| | **Case No. 08-45257** |
| | |
| Petters Company, Inc., et al., | Court File No. 08-45257 |
| | |
| Debtors. | |
| | Court Files No.'s: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

---

| | |
|---|---|
| Douglas A. Kelley, in his capacity as the court-appointed Chapter 11 Trustee, | |
| | |
| Plaintiff, | |
| | |
| v. | Adv. Case Nos. |
| | |
| Vlahos, et al.; | 10-04201 |
| Redstone Limited Partnership; | 10-04202 |
| Redstone American Grill, Inc.; | 10-04203 |
| Edgebrook, Inc.; | 10-04204 |
| Aron; | 10-04205 |
| Kanios, et al.; | 10-04206 |
| Hagan; | 10-04207 |
| Lynn Isaac, et al.; | 10-04209 |
| George Isaac, et al.; | 10-04210 |
| Papadimos; | 10-04211 |
| Svigos; | 10-04212 |
| Kenney; | 10-04225 |
| High Plains Investment LLC; | 10-04250 |
| Hauser; | 10-04254 |
| Hayden Fleming, et al.; | 10-04255 |
| Miller, et al.; | 10-04256 |
| Patrick Fleming, et al.; | 10-04257 |

| | |
|---|---|
| McCarthy, et al.; | 10-04262 |
| Allanson; | 10-04263 |
| Brennan; | 10-04264 |
| Kenneth Colvin, et al.; | 10-04266 |
| Electric Motor Supply Co.; | 10-04267 |
| Steve Feneis; | 10-04268 |
| Kabe; | 10-04273 |
| Caruso; | 10-04274 |
| Dan G. Feneis, et al.; | 10-04275 |
| Kuperus; | 10-04277 |
| Kyriakides; | 10-04278 |
| Jane Slobodyanuk; | 10-04280 |
| Slava Slobodyanuk; | 10-04281 |
| Miller Companies, Inc.; | 10-04282 |
| Kerbel, et al.; | 10-04284 |
| Challenge Printing; | 10-04290 |
| Overstock.com; | 10-04292 |
| Alper; | 10-04293 |
| Mansour, et al.; | 10-04296 |
| Opportunity Finance, LLC, et al.; | 10-04301 |
| Larry Colvin, et al.; | 10-04310 |
| Kimberlee Colvin, et al.; | 10-04311 |
| Metro I, LLC, et al.; | 10-04328 |
| Carter; | 10-04337 |
| Engels; | 10-04338 |
| Danko; | 10-04339 |
| McGaunn; | 10-04340 |
| Salmen; | 10-04341 |
| Phelps; | 10-04342 |
| Miller; | 10-04343 |
| Anderson; | 10-04344 |
| Ting; | 10-04345 |
| Riedl; | 10-04346 |
| Mau; | 10-04347 |
| Margolis; | 10-04348 |
| Metro Gem, Inc., et al.; | 10-04352 |
| Thomas Shimoji and Company, Ltd.; | 10-04354 |
| Circle F Ventures, LLC; | 10-04355 |
| Joe; | 10-04358 |
| Tesar; | 10-04359 |
| Dorsey; | 10-04360 |
| O'Brien; | 10-04361 |
| Honig; | 10-04362 |
| Sarenpa; | 10-04363 |
| Pernula; | 10-04366 |
| Schmit; | 10-04367 |
| Opportunity Finance, LLC; | 10-04375 |
| Toshi Investments, Ltd.; | 10-04378 |
| Idlewild Properties, LLC; | 10-04380 |

DOCS-#3583637-V1

| | |
|---|---|
| Knoblach, et al.; | 10-04382 |
| Wright; | 10-04385 |
| Schopper; | 10-04391 |
| Monighan; | 10-04395 |
| Westford Special Situations Master Fund, L.P., et al.; | 10-04396 |
| Zhang; | 10-04402 |
| Lagermeier; | 10-04403 |
| Clayton; | 10-04405 |
| Hardy; | 10-04408 |
| Ratliff; | 10-04409 |
| Dunlap; | 10-04410 |
| Morgan; | 10-04415 |
| General Electric Capital Corporation; | 10-04418 |
| Romenesko; | 10-04419 |
| Associated Bank; | 10-04422 |
| Kenneth Johnson; | 10-04423 |
| Hodge; | 10-04425 |
| Lancer Financial Services, LLC, et al.; | 10-04427 |
| Cohen Partnership, et al.; | 10-04431 |
| Ritchie Capital Management, L.L.C., et al.; | 10-04440 |

Defendants.

## <u>CERTIFICATE OF SERVICE</u>

Gretchen Luessenheide, of the City of New Hope, County of Hennepin, State of Minnesota, states that on November 4, 2011 she served the following document:

Omnibus Surreply Memorandum of Law in Opposition to Defendants' Motions to Dismiss

upon

| | |
|---|---|
| National City Bank, as Custodian of the Chris M. Kanios 401(k) Savings Plan<br>405 Madison Avenue<br>Toledo, OH 43604 | Chad Clifford<br>c/o Martin J. Mullen<br>Rowe Allen Mullen LLP<br>4274 Executive Square 11th Floor<br>La Jolla, CA 92037 |
| McCord Christensen Holdings, LLC<br>827 S Bridgeway, Suite 110<br>Eagle, ID 83616 | J. Richard Rock<br>1154 Nevada Avenue<br>San Jose, CA 95125-3327 |

DOCS-#3583637-V1

| | |
|---|---|
| Metro I, LLC<br>c/o Its Registered Agent<br>1220 North Market Street, Suite 804<br>Wilmington, DE 19801 | Metro I, LLC; Metro II, LLC; Arrowhead<br>Capital Management LLC; Arrowhead Capital<br>Management Corp.; Arrowhead Capital<br>Partners, II, L.P.;  Arrowhead Capital<br>Corporation; James N. Fry<br>c/o James N. Fry<br>Arrowhead Capital Management<br>601 Carlson Parkway, Suite 1250<br>Minnetonka, MN 55305 |
| Metro II, LLC<br>c/o Its Registered Agent<br>1209 Orange Street<br>Wilmington, DE 19801 | Arrowhead Capital Management, LLC<br>c/o Its Registered Agent;<br>Pali Capital, Inc., operating through its<br>business division Burnham Hill Partners<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Blue Point Management Ltd., Arrowhead<br>Capital Finance, Ltd.<br>Thistle House<br>4 Burnaby Street<br>Hamilton HM11<br>Bermuda | Arrowhead Capital Finance, Ltd.<br>c/o James N. Lawlor<br>William F. Dahill<br>Wollmuth Maher & Deutsch LLP<br>500 Fifth Avenue<br>New York, NY 10110 |
| Elistone Fund<br>c/o Elise Scherr Frejka<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | James N. Fry<br>1075 Tonkawa Rd.<br>Long Lake, MN 55356 |
| Metro Gem, Inc.; Metro Gem, LLC; Frank E.<br>Vennes, Jr.<br>c/o Frank E. Vennes, Jr.<br>3152 SW Porpoise Circle<br>Stuart, FL 34997-8915 | Epsilon Global Active Value Fund II-G, L.P.<br>National Registered Agents<br>160 Greentree Drive<br>Suite 101<br>Dover, DE 19904 |
| West Landesbank AG<br>c/o Tom McCaffery, Sonja Kardorf, Michael<br>Frank, Branch Heads<br>7 World Trade Center<br>250 W. Greenwich Street<br>New York, NY 10007 | Epsilon Global Master Fund L.P.; Epsilon<br>Global Master Fund II, L.P.<br>Maples and Calder<br>PO Box 309, Ugland House<br>South Church Street<br>George Town<br>Grand Cayman KY1-1104<br>Cayman Islands |
| Westford Special Situations Fund Ltd.; Epsilon<br>Global Active Value Fund II-G, Ltd; Epsilon<br>Global Master Fund III - Structured Strategies,<br>L.P.; Epsilon Global Active Value Fund III<br>Ltd.; Capital Strategies Fund Ltd.<br>HWR Services Limited Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands | Epsilon Investment Management, LLC;<br>Westford Asset Management, LLC<br>First Canadian Place<br>100 King Street West<br>Suite 5715<br>Toronto M5X 1A9 Ontario<br>Canada |

4

| | |
|---|---|
| Epsilon Global Master Fund III - Structured Strategies, L.P.<br>c/o Steve Goran Stevanovich<br>7521 Isla Verde Way<br>Delray Beach, FL 33446 | West LB AG, New York Branch<br>c/o Timothy F. Brown<br>Arent Fox LP<br>1050 Connecticut Ave NW<br>Washington, DC 20036-5339 |
| Nancy A. Wright<br>10633 Brunswick Circle<br>Bloomington, MN 55438 | Rhone Holdings II, Ltd.<br>c/o Thomas K. Cauley, Bryan Krakauer,<br>Brian McAleenan<br>Sidley Austin LLP<br>1 South Dearborn<br>Chicago, IL 60603 |
| Barry Mukamal<br>c/o Michael S. Budwick, Jonathan Feldman,<br>Solomon Genet, Eric Ostroff<br>Meland Russin & Budwick PA<br>200 S. Biscayne Blvd, Ste. 300<br>Miami, FL  33131 | East River Offshore Ltd.<br>c/o Jessica S. Etra, Matthew A. Feldman<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019-6099 |
| Geoff Varga<br>c/o Edward J. Estrada<br>Reed Smith LLP<br>599 Lexington Ave., 22nd Floor<br>New York, NY  10022 | Estate of Kenneth R. Cunningham III<br>c/o Mr. Kenneth R. Cunningham, Jr.<br>11 Pinon Woods Drive<br>Sedona, AZ  86351-7918 |
| Greenwich Insurance Company<br>c/o David M. Gische and Marcus B. Holladay<br>Troutman Sanders LLP<br>401 9th Street NW<br>Washington, DC 20004-1234 | EFO Holdings, L.P. & Cypress Financial<br>c/o Lawrence J. Friedman, Michael Gaubert,<br>James Krause, R. Brian Shields<br>Friedman & Feiger LLP<br>5301 Spring Valley Rd, Suite 200<br>Dallas, TX 75254-2488 |
| MIO Partners Inc.<br>c/o Hugh Hill, Robin Keller<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, NY  10022 | Kenneth Johnson<br>c/o Jeffry Henderson, Harris Kay<br>Henderson & Lyman<br>175 West Jackson Blvd, Suite 240<br>Chicago, IL 60604 |
| Douglas A. Kelley<br>Kelley & Wolter PA<br>Centre Village Offices<br>431 South 7th Street, Suite 2530<br>Minneapolis, MN 55415 | Freestone Low Volatility Partners LP<br>c/o Mark R. Jacobs<br>Pryor Cashman LLP<br>7 Times Square<br>New York, NY 10036-6569 |
| The Breast Cancer Research Foundation<br>c/o Robert Lemons, Sherri Toub<br>Weil Gotshal & Manges LLP<br>767 5th Avenue<br>New York, NY 10153 | Kelly Collins-Cunningham<br>Trustee of Kenneth R. Cunningham III Trust<br>11 Pinon Woods Drive<br>Sedona, AZ  86351-7918 |
| Issa Moe<br>Moss and Barnett<br>4800 Wells Fargo Center<br>90 South 7th Street<br>Minneapolis, MN 55402 | Chase Bank, Trustee<br>c/o Michael McElwee<br>Varnum LLP<br>Bridgewater Place<br>PO Box 352<br>Grand Rapids MI 49501 |

5

| | |
|---|---|
| Neal Gerber & Eisenberg LLP<br>c/o Thomas C. Wolford<br>Two North LaSalle Street Suite 1700<br>Chicago, IL 60602 | Ark Royal Capital LLC<br>c/o Deborah Perry<br>3800 Lincoln Plaza<br>500 North Akard<br>Dallas TX 75201-3429 |
| Northwestern Foundation<br>c/o Grover C. Sayre<br>Leonard O'Brien et al<br>100 S. Fifth Street<br>Suite 2500<br>Minneapolis, MN 55402 | Edward Randolph Shaw<br>722 South Sixth Street<br>Brainerd MN 56401 |
| Kevin J Short<br>150 S. 5th St. Ste 3260<br>Minneapolis, MN 55402 | Taunton Ventures LP<br>c/o Paul Taunton<br>9980 Deerbrook Drive<br>Chanhassen, MN 55317 |
| Palm Beach Finance Partners<br>c/o Steven W. Thomas<br>Thomas Alexander & Forrester LLP<br>14 27th Avenue<br>Venice, CA 90291 | Gary Underdahl<br>ASK Financial<br>2600 Eagan Woods Drive, Suite 400<br>St. Paul, MN 55121 |
| Trent Tucker Non-Profit Organization<br>433 River Street<br>Minneapolis, MN 55401 | Huron Consulting Group, Inc.<br>4795 Paysphere Circle<br>Chicago, IL 60674-4795 |
| Northwater Entities<br>c/o Matthew A. Feldman, Jessica Etra<br>Wilkie Farr & Gallagher, LLP<br>787 7th Avenue<br>New York, NY 10019 | Elite Landings, LLC; Petters Aviation LLC<br>PO Box 16352<br>St. Paul, MN 55116-0352 |
| Randall L. Seaver<br>On behalf of Petters Capital, LLC<br>12400 Portland Avenue South<br>Suite 132<br>Burnsville, MN 55337 | Tobias S. Keller, David C. Kiernan<br>Daniel Reidy<br>Jones Day<br>555 California Street, 26th Floor<br>San Francisco, CA 94101 |
| Daniel E. Reidy<br>Theodore T. Chung<br>Tara A. Fumerton<br>Jones Day<br>77 W Wagner<br>Chicago, IL 60601 | Daniel J. Frisk, Don R. Grande<br>Steven M. Light<br>Grande Frisk & Carter<br>2700 12th Ave. South, Suite 1<br>Fargo, ND 58103 |
| Jonathan S. Feldman<br>Meland Russin & Budwick PA<br>200 S. Biscayne Blvd, Ste 3000<br>Miami, FL 33131 | Robin E. Keller<br>Hogan Lovellus US LLP<br>875 3rd Avenue<br>New York, NY 10022 |

6

| Matthew J. Flynn<br>Jonathan Hackbarth<br>Quarles & Brady<br>411 E. Wisconsin Ave.<br>Milwaukee, WI  53202 | |

via U.S. Mail to the addresses listed above and electronically by Notice of Electronic Filing upon all parties who have requested service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota.

_____/e/ Gretchen Luessenheide_____

Gretchen Luessenheide

7